Case 2:25-cv-00712-JDC-TPL   Document 5   Filed 05/23/25   Page 1 of 3 PageID #: 42

25-cv-0712 Sec P

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MAY 2 3 2025

DANIEL J. McCOY, CLERK
BY: KW

## Motion For TRO And Preliminary Injunction Hearing

Federal Rules of Civil Procedure 65 empowers the court to issue a preliminary injunction. A temporary restraining order is an extraordinary remedy meant to prevent serious and imminent harm in dire circumstances. To obtain a TRO, the plaintiff's must show (1) A substantial likelihood of success on the merits, (2) that plaintiff's would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injury other interested parties, and (4) that the public interest would be furthered by the injunction.

The court should should grant the TRO & Preliminary Injunction based on the following reasons;

1. The plaintiff's will suffer "irreparable harm" without such an injunction. As is demonstrated in the plaintiff's (7) grounds for relief, the plaintiff's constitutional rights of the First, Fifth and Eighth Amendments are in violation. The Gender Ideology EO violates Articles I & II-the Separation of Powers of the U.S. Constitution, Tile VII of the Civil Rights act of 1964, The Rehabilitation Act of 1973, The Administrative Procedure Act, the Paperwork Reduction Act, are all in violation of the plaintiff's constitutional rights;

2. The plaintiff's will suffer more without an injunction, than prison officials or the federal government, will suffer if the injunction is granted;

3. The plaintiff's are likely to succeed based on the merits. The balance of hardships in the (7) grounds raised, favors the plaintiff's;

4. It is in the public interest to grant the injunction. It is "well-established that the public interest favors protecting constitutional rights". The Supreme Court has affirmed that

"the President's actions may...be reviewed for constitutionality".
(Citing **Franklin v Massachusetts, 1992**)

President Trump's Gender Ideology EO is an attempt to "rewrite" the constitution & abolish the plaintiff's [transgender] First, Fifth and Eighth Admendment constitutional rights & abolish prevailing caselaw that backs up these civil rights.

**Accordingly,** The plaintiff's request the court to grant the TRO and order the defendant Pamela Bondi, the Attorney General of the United States, be temporarily enjoined & restrained from implementing section 4(c) of the Gender Ideology EO #14168 at any and all Bureau of Prisons institutions & faculities and against any inmate or transgender inmate in the custody of the Attorney General.

Reinstate the plaintiff's transgender access to to sport bras & panties, as is issued by the Bureau's institution laundry depts;
(Exhibit B-1)

Reinstate the plaintiffs' access to purchase gender-affirming clothing & other transgender related items, Sold at Commissary through an approved vendor; (Exhibit B-2)

Reinstate Trulincs email access to the Transgender Executive Council (TEC) to all federal inmates nationwide; (Exhibit D)

Reinstate any and all information that was deleted by the Bureau of Prisons, at the BOP.guv. and/or at any other Department of Justice website; (Exhibit E)

Reinstate all medical services such as hormonal therapy previously provided & psychology dept services, for transgender inmates;
(Exhibit A)

Reinstate all Bureau policies re anti-discrimination and/or any other policies that were struckthrough. (Exhibit F)

(2)

Schedule this matter for a preliminary injunction hearing forthwith.

The plaintiffs ask the court to waive Rule 65(c)' bond requirement. Security can be waived when complying with the preliminary injunction injunction raises no risk of monetary loss to the defendant.

### Declaration

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

RESPECTFULLY SUBMITTED,

_____          5-19-25
Carla Keys, Pro Se                Date