UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CLAY KEYS** | **DOCKET NO. 2:25-CV-00712**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DONALD J. TRUMP, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Clay Keys, aka Carla Keys. Keys is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED**.

**I.**
**BACKGROUND**

Through the instant petition, Keys, a "male to female transgender" prisoner (doc. 1, p. 6), challenges President Trump's Executive Order #14168 related to gender ideology. Keys alleges claims under the First Amendment, Fifth Amendment, Eighth Amendment, Articles I and II of the Constitution, the Administrative Procedures Act ("APA"), Title VII of the Civil Rights Act of 1964, and the Rehabilitation Act of 1974. *Id.* Plaintiff seeks an emergency temporary restraining order, a preliminary injunction, a permanent injunction, and monetary damages. Doc. 1.

Through the Petition and a Motion for Temporary Restraining Order (doc. 3), Keys asks that the Court reinstate "access to sports bras and panties," "access to purchase gender-affirming

clothing and other transgender related items," "Trulincs email to the Transgender  Executive Counsel to all federal inmates nationwide," "any and all information that was deleted by the Bureau of Prisons at the Bop.gov and/or any other Department of Justice website," "all medical services such as hormonal therapy previously provided and psychology dept services" and "all Bureau polices re anti-discrimination and/or any other policies that were struck through."  Doc. 3, pp. 2-3.

## II.
### LAW & ANALYSIS

#### A.  Screening of Habeas Corpus Petitions

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

#### B.  Section 2241

The Court must first determine whether petitioner's claims may be properly raised in a § 2241 habeas corpus petition. Federal law provides two distinct avenues to relief for complaints related to incarceration: the petition for writ of habeas corpus and the civil-rights action for equitable or monetary relief. *Muhammad v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed.

2d 32 (2004). Habeas is reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," while civil-rights actions are typically used to attack conditions of confinement. *Id*. (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)).

"Which statutory vehicle to use depends on the nature of the claim and the type of relief requested." *Poree v. Collins,* 866 F.3d 235, 243 (5th Cir. 2017). The "core issue" is "whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994).

A petitioner may seek habeas relief under 28 U.S.C. § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Habeas exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). "Simply stated, habeas is not available to review questions unrelated to the cause of detention." *Id*. at 935. "The [United States] Fifth Circuit [Court of Appeals] follows a bright-line rule: 'If a favorable determination . . . would not automatically entitle [the detainee] to accelerated release, . . . the proper vehicle is a [civil rights] suit.'" *Sacal-Micha v. Longoria,* 449 F. Supp. 3d 656, 662 (S.D. Tex. 2020) (quoting *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)).

Keys' allegations do not impugn the underlying legal basis for, or duration of, his confinement, which is the only basis for a habeas petition pursuant to § 2241. *See Nogales v. Dep't of Homeland Sec.*, 524 F. Supp. 3d 538, 544 (N.D. Tex. 2021) (citing *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir.), *cert. denied*, 142 S.Ct. 216 (2021)), *aff'd* No. 21-10236, 2022 WL 851738 (5th Cir. Mar. 22, 2022) (per curiam). Neither the seriousness of the allegations nor the

claim of cruel and unusual punishment entitles Keys to release, thereby negating the use of this § 2241 action to resolve the issue. *Id.* at 543. Thus, as the Fifth Circuit recognized in *Nogales*, this Court lacks jurisdiction over this matter and must dismiss. *See Nogales v. Dep't of Homeland Sec.*, No. 21-10236, 2022 WL 851738, at **1-2 (5th Cir. Mar. 22, 2022) (per curiam).

### III.
### CONCLUSION

Accordingly,

For the reasons stated above, the Court finds that Petitioner's claim is not cognizable under 28 U.S.C. § 2241 and **RECOMMENDS** that the instant petition be **DENIED** and **DIMISSED** for lack of subject-matter jurisdiction and all pending motions be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers in chambers this 21st day of October, 2025.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE